UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAZMINE I. ROBERTS,<br><br>      Plaintiff,<br><br>-against-<br><br>MACEDONIA PLAZA DEVELOPMENT LLC C/O GREEN CEDEAR MANAGEMENT LLC; ROBERT BETANCOURT; THOMAS UNKNOWN; DIEGO,<br><br>      Defendants. | 24-CV-4514 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Jazmine I. Roberts, a Queens resident who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. She names as the Defendants Macedonia Plaza Development LLC c/o Green Cedar Management LLC ("Macedonia Plaza"); Robert Betancourt, Macedonia Plaza's Assistant Housing Manager; Thomas, a Macedonia Plaza employee; and Diego, the super at Plaintiff's apartment building in Queens. By order dated June 13, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint for failure to state a clam on which relief may be granted.[1]

**STANDARD OF REVIEW**

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] In another action filed by Plaintiff, the Court ordered Plaintiff to show cause why she should not be barred from filing future actions IFP without obtaining prior permission. *See Roberts v. Duane Reade Pharmacy*, No. 24-CV-4034 (LTS) (S.D.N.Y.). Plaintiff filed this action before the Court issued that order.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Taking all of these standards together, courts liberally construe pleadings prepared by *pro se* litigants and hold them "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff resides in an apartment building in Queens, New York, and alleges four sets of facts related to her housing. First, she states that, on an unknown date, "[s]ome one stole my keys so I tried to purchase a replacement and was told Macedonia Plaza . . . does have a replacement set of keys." (ECF 1, at 5.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Defendant Betancourt informed Plaintiff that she would need "to come up with $200.00 to replace cylinder instead." (*Id.*)

Second, Plaintiff alleges that "work orders have been completed in my absence." (*Id.*) Third, she alleges she "was ambushed by police off[ic]ers because the Super Diego made a[] complaint." (*Id.*) Fourth, Plaintiff "[r]equested to speak to someone about having my annual Section 8 inspection completed without my pres[]ence and was strongly informed that if I'm not at the building on the time of inspection I have to call and reschedule[e] Section 8 annual inspection date." (*Id.* at 6.)

Plaintiff claims that Defendants violated "The Declaration of Human Rights, the United States Constitution, United States Declaration of Independence[,] [and] the United States Social Security Administration Act." (*Id.* at 2.)

In the Injury section of the complaint, Plaintiff states, "psychological abuse, shocked by electrical outlet, verbally abused and my safety was jeopardized due to the fact of my front door being open," (*Id.* at 6.) In the Relief section, Plaintiff writes, "unknown." (*Id.*)

## DISCUSSION

**A.    Claims Regarding Plaintiff's Housing**

Because Plaintiff invokes the Court's federal question jurisdiction, and refers to her Section 8 housing in the complaint, the Court construes the complaint as seeking relief under 42 U.S.C. § 1983. The Court must dismiss these claims, however, because Plaintiff cannot seek relief under Section 1983 against the named defendants.

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,

3

531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Although there are limited circumstances in which a nominally private actor can be deemed a state actor for Section 1983 purposes,[3] it is well established that receipt of government funding, "no matter how extensive, is insufficient to transform otherwise private conduct into state action." *Young v. Halle Hous. Assoc., L.P.*, 152 F. Supp. 2d 355, 362 (S.D.N.Y. 2001); *Aponte v. Diego Beekman M.H.A. HFDC*, No. 16-CV-8479 (JPO), 2019 WL 316003, at *12 (S.D.N.Y. Jan. 24, 2019) (dismissing Section 1983 claims based on "entwinement" theory where plaintiffs alleged that landlord "receive[d] public funds and tax exemptions in exchange for providing low-income housing," and holding that entities do not become state actors "simply because those entities receive state funding for providing a public service" (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982))).

As Defendants are all private parties who are not alleged to work for any state or other government body, Plaintiff cannot state Section 1983 claims against them. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **Claims Regarding Law Enforcement**

Plaintiff refers to being "ambushed by police" in her complaint but does not otherwise describe any interaction with a law enforcement officer or name an officer as a defendant. (ECF

---

[3] Those limited circumstances include where (1) the nominally private entity acts "pursuant to the 'coercive power' of the state or is 'controlled' by the state"; (2) the state encourages, or the entity willfully participates, in a joint activity with the state, or the "entity's functions are 'entwined' with state policies"; or (3) the entity "has been delegated a public function by the state." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001)).

1, at 5.) The Court declines to grant Plaintiff leave to amend any claim she intended to assert regarding an interaction with a police officer because the events giving rise to such a claim occurred in Queens County, which is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, to the extent Plaintiff seeks to bring claims against a law enforcement officer regarding an interaction at her Queens residence, Plaintiff may bring such a claim in the Eastern District of New York.

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). For the reasons stated above, Plaintiff cannot bring claims against the named defendants. To the extent she can bring claims against law enforcement, such claims may proceed in another district. The Court therefore declines to grant Plaintiff leave to amend her complaint in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: December 2, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge